# ORDER TO SHOW CAUSE FOR A PRELIMINARY INJUNCTION & A TEMPORARY RESTRAINING ORDER

Julio A. Zuniga
v.
PATRICK O'DANIEL

CAUSE NO:
3:22-cv-00052

United States Courts
Southern District of Texas
FILED
MAR 23 2022
Nathan Ochsner, Clerk of Court

Upon the complaint, the supporting affidavits of plaintiffs, and the memorandum of Law submitted herewith, it is:

ORDERED that defendants; Charlotte McKnight, Timothy Williams, Fredrick Gooden, Marcus Cooper, Daniel Page, Tunde Akinsonu, Alexandria Ford, Patty Polk, Elisha Baugh, Tia Bey, Tanika Hafford, Brandy Shannon, Timothy Williams, Lorpu Dorber (IWOC attacker by spitting) The Co-conspirators are listed for Constant Harrassment/Assaults/Discrimination/Intimidation/Provocation, Disciplinary organising arbitrary cases to inflict harm to parole eligibility, Due Process Rights violations, and other forms of "Irreparable Injury", "Deliberate Indifference", "Malice" - "Discrimination in UCC" - singleing out "IWW-IWOC members by following us around on cameras, and Huntsville directing the attacks via cell phone/cameras. Education Hall is their current ground of attack on IWOC members, like "Mario Parro" and "Julio Zuniga." I am needing to complete Cognitive Intervention Class, and with this Disciplinary Case they treated me like I killed someone. I need the courts to make sure I can get the last 2 week's of my course done, without them writing me up for fake infractions to cause me problems for parole in 2024.

If you look at the punishment they gave me, it's really aimed at two specific areas, my phone and my Line Class.

You can view the documents I've submitted to make your decision. We lost an "IWOC" member to poisoning - Stephen Curtis, the court can decide to drop/or keep him on Lawsuit.

ORDERED that defendants show cause in Room _____ of the United States Courthouse - 601 Rosenberg Street - Galveston, Texas 77550 on the 18th day of March, 2022, why a Preliminary Injunction should not issue pursuant to Rule 65(a) of the Federal Rules of Civil Procedure enjoining the defendants, their successors in office, agents and employees and all other persons

acting in concert with them, to Refrain From Intentionally Disrupting my "IWW-IWOC Members" in Education with Constant, Daily Threats, Provocations, Intimidation Tactics, Use Disciplinary to Attack with Malicious Intent as a group of Guards playing vigilante games, Mailroom Discrimination on Outgoing (Media mail) or (Legal mail) Willie Ratliff has been ordering Alexandria Ford to use our Union mail to Attack All "IWOC" Members, in some case "Theft of our mail". — Cease All The Retaliation or Remove Security Officers from their Positions until I can complete my classes.

Brandy Shannon and Patty Polk are not affording anyone "Due Process", instead are telling the inmates that they have to accept a guilty Plea or "get locked-up with more cases."

Frederick Gooden / Marcus Cooper to be investigated for the Death of "Stephen Curtis"

Timothy Williams to be investigated about the introduction of "Bath Salts", causing Psychosis and Death in Offenders.

We are asking for these People to stay away from us, for Fear of "Use of Excessive Force" that "Timothy Williams" is useing if you do not become an informant for him and "OIG."

It is further covered that the Order to Show Cause, and all other papers attached to this application, be served on the aforesaid Plaintiffs by: 3/25/22

DATED!

UNITED STATES DISTRICT Judge Jefferey Vincent Brown

Respectfully Submitted,

Julia A. Zuniga

3/18/22

Mark Morales, Attorney at Law
824 S. Austin Ave.
Georgetown, TX 78626

*— TDCJ/TBCJ Knows I have been communicating and preparing this packet, and as soon as I get it out, they gave me a Bogus Case for not attending school, in fact I had a medical Lay-in.*

*For Reporting Sgt. Bey, I got all that punishment, "Z"*

Re:    Your Participation

I am sending you the following information to assist you.

There are two documents which I request that you write: (1) <u>letter to the board</u> and (2) <u>goal statement</u>. These documents are vital and it is absolutely necessary that you send them to my office immediately. I have included a sample template for you to go by when writing your goal statement and I encourage you to make use of it as I have found these to be successful. Also, it is very important to write clearly and legibly. If it is in any way difficult to read, then it may not get read at all!

<u>Keep in mind that an offense report or a summary of the facts from the district attorney is more than likely contained within your file and will be reviewed by the board members. Any attempt by you to vary from the truth regarding the crime committed is not in your best interest nor recommended. You must address the facts of the crime for which you are incarcerated. Now is your chance to prove you have learned from your past transgression(s), admit to the crime(s), reflect your remorse for committing the crime(s), reflect that you have accepted responsibility for your action(s), and reflect your commitment to change by your accomplishments while incarcerated</u>

The Board looks for three main things when considering an inmate for release to parole:
(1) <u>are you remorseful</u>   *YES*
(2) <u>are you embracing all opportunities to grow while incarcerated</u>   *YES*
(3) <u>are you committed to change.</u>   *YES*


**LETTER TO THE BOARD *(No more than 2 pages)***   *First Acknowledge Foremost.*

Begin with expressing that you have learned from your past transgressions and you accept responsibility for your actions.

You need to let the board members know that you are sorry for having committed a crime against the victim(s) and/or the laws of State of Texas, the impact your act has had on the victim(s) and/or the State of Texas, that you are not only remorseful for what you are going through and what your family and/or loved ones are going through **but** what the victim(s) went through and   continue to go through as well.


The board members are not retrying your case and are not looking for your explanation of guilt or innocence; however, <u>often there are mitigating circumstances that show your involvement may be less severe than the charge would appear.</u>

2

Greetings:

I would like to first welcome you to our legal family. It is an honor to represent you and I look forward to meeting with you personally. Please know that even as you read this you are in the thoughts and prayers of my entire law firm. We will be preparing a parole packet for you to be submitted to the Texas Board of Pardons and Paroles as well as representing you in a Parole Hearing with the Voting Member. It is our utmost desire to see you reunited with your family and we will represent you to the best of our ability. To effectively represent you, we will be relying upon your full cooperation and complete honesty. Upon meeting with you and completion of our investigation, a parole packet will be designed and developed specifically for you. The majority of the information that goes into the packet is based upon facts and information which you provide to us. Always remember, the parole board has your complete history, some of which is not available to us, and most of which does not reflect you in the best light. We must rely upon you to provide us with your side of the story so that we can present your case in the best light.

From what I have learned in my experience in talking directly with the lead parole voters is that they are most concerned about the following two things: 1. Your conduct while incarcerated 2. How you will successfully reintegrate back into society, which includes your specific plan for avoiding past behavior and relationships; the amount and type of family support you will have; whether or not you will have a job or a good prospect for employment upon release. Now is your chance to prove you have learned from your past crime(s), you admit to it/them, you are remorseful for it/them, you accept responsibility for your action(s), and you desire to change. Let's make this an effort on both our parts to show the board members you are sincere in your endeavors to change and lead a successful and productive life in the free world. Let's work together to show them you are a person, not just another TDCJ-ID number, and that you are now prepared to be released to parole, become a productive citizen and successful parolee, and will never return to TDCJ-ID again.

The attached questionnaire has been designed to fit our needs in developing a package for you and it is vital that you answer every question completely and honestly. Although this questionnaire may be time consuming and tedious you must answer it and return it to this office as soon as possible. Please do not leave any questions unanswered. Answer each of them completely and honestly; or indicate why the question doesn't apply to you. I would rather have too much information from you than not enough.

My office will arrange one phone call through the Unit's Law Library so you can have the opportunity to speak one-on-one with me to review your case. *Please note the Law Library call will be scheduled within 2-3 weeks of your Parole Review Date listed on the TDCJ website.* A JPay will be sent to notify you of the date and time. If you have questions or something to share with us, we ask that you write them or have your family member, contact, or email your paralegal assigned to assist me and we will respond in the appropriate manner.

Thank you for your cooperation. May God bless you and give you hope! If you should have any questions, please do not hesitate to contact us.

Sincerely,

*Mark Morales*

*IPO INTERVIEW - (keep this page for review before you interview)*

In the parole review process, unless you have been incarcerated for more than 20 years, you will not meet face to face with the Board members or parole commissioners who will vote on his case. The Board votes the Client's case based on a review of the Client's Texas Department of Criminal Justice (TDCJ) file. At some point in the parole review process, the Board will send a representative from the Institutional Parole Office (IPO) to interview the you on your TDCJ unit. The IPO officer will ask the you questions from the Board and record your answers in their notes. These notes will be typed up and placed in the your TDCJ file. Once the notes are typed and the IPO has your other records from the State of Texas and the county of his offense, your TDCJ file will be forwarded to your regional Board. At that time, they will call our office to schedule a hearing with the lead voter on your case. Once that hearing is scheduled, will inform you and/or your family of the date. Please note, the voter's decision time frame can vary; we have seen answers the next day, we have also seen answers take a month or more.

The parole officer's interview with you is very important, and we encourage you to be honest and forthcoming. The quickest way for you to make a bad impression with the Board is to play games, complain, blame others for your problems, or minimize the harm caused to others by your offense. Instead, if you are honest and admit your mistakes, your candor is likely to show that you have matured and are now taking responsibility for yourself, something the Board is looking for from those it decides to release. In addition, it is important for you to express any remorse you have for the choices that you made that led you to commit his offense and the harm or loss it caused others.

We recommend that you keep a positive attitude throughout the interview, especially when describing the personal, educational, and vocational skills they learned while incarcerated. They might try to throw you with questions about your past or by showing a negative attitude. Stay calm and positive. Just take this opportunity to emphasize the value of your rehabilitation and your commitment to it. You should also discuss his support system of family and friends, give examples of their support while you have been incarcerated, and how they will be available to support you if you are paroled.

**REMEMBER**: Your loved ones paid a lot of money for us to represent you. Without your cooperation in gathering these items, we are very limited in what we can do for you. We want to present you in the best light possible!

*Thank you for taking the time to read and consider all the things I have sent to you today. We pray for our clients daily and are looking forward to being a part of your journey to get well, come home and be a positive influence on your family, to live the life God has truly planned for you! God bless you!*

**Attorney Mark Morales**

**One-month goals:** *Have a job; have a bus pass; make inquiries at the college about part-time courses; have had at least one weekend with my children; get my driver's license.*

**Three-month goals:** *Begin to make child payments to my wife; visit with the teachers of my children; apply to college.*

**Six-month goals:** *Move into apartment, even if I have to share one; begin classes at community college; have a bicycle I can ride to school and work if I possible; look for a better job.*

**One-year goals:** *Have met someone I can trust to build a relationship with; have at least partial custody of my children; have my own vehicle, even if it's old and I'm making payments; start volunteering at church functions or at community organizations."*

This is the type of list you should be working on. Whatever your particular life is like: whether you are married or have kids or have a job waiting or a place to stay; all of those things should be on this list. When do you plan on going to work? When do you plan on taking your driver's license test? When can you start paying the child support you owe? How soon can you afford to get a car? When can you afford to pay rent? How about getting insurance? All of these things will need to be part of your life soon. But you need to be realistic about them. You may not be able to begin payments to your former spouse, or buy a car and pay for insurance, not for a while. Be realistic about the time frame. Write down your goals and then fashion them into a Goals Statement that you can include in your Parole Packet. You should also say that as things progress, you may change some of the dates, but that these are the minimum dates you've set for yourself. You should also say that you realize unexpected expenses or problems may arise, and that you understand these may not be possible to achieve but that you will not be put off by that; you'll adjust and rewrite new Goals.

**SUPPORT LETTERS**

Please collect between 3 and 5 support letters. (If someone has hired us on your behalf they have already been given these instructions.) These letters should not be any longer than one page in length. Let your family and friends know that the main focus of these letters should be the following:

1. They need to say how they know you and for how long.

2. They should speak about changes they have seen in you since the time of your incarceration. They may also speak on your good character before this incident. Give specific examples if possible.

2. Please also ask speak specifically about the support they will give you upon your release, housing, transportation, financial and emotional support, etc.

4

Elisha S. Baugh    Corr. Off. V    Female    - Education
Tia Y. Bey         Sgt. of Corr.   Female    - SFP
Tanika R. Hatford  Corr. Off. V    Female    - Education
Brandy L. Shannon  Cansel Substitute III  Female  - Disciplinary
Lorpu Dorber   Corr. V  [INMOC ATTACKER, SPIT IN "CHRISTOPHER Yaites" FACE, MAJORS TRIED TO BRIBE" Yaites", HE SAID "NO" so they placed HIM IN G5- RHU