1). DIRECT PARTICIPATION – DEFENDANTS who directly participate in Constitutional Violations may be held liable for their own actions. However, lower level staff who were directly involved have sometimes been held not liable because they were only following orders or carrying out their Supervisors' Policies. A direct participant in a violation must know the facts that make the conduct illegal in order to be held liable for it.

2). INDIRECT PARTICIPATION – A defendant may be held liable "if the defendant set in motion a series of events" that he/she knew or reasonably should have known would cause a constitutional violation, even if others actually performed the violation. CONNER V. Reinhard, 847 F.2d 384, 397 (1988) / BRUNER V. BAKER, 506 F.3d 1021, 1026 (2007) / VALDES V. CROSBY, 405 F.3d 1231, 1239-43 (2006)

UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT – GALVESTON DIVISION

CIVIL ACTION # 3:22-CV-00052

JULIO A. ZUNIGA, et al.,

VS.

PATRICK O'DANIELS, et al.,

United States Courts
Southern District of Texas
FILED
APR 21 2022
Nathan Ochsner, Clerk of Court

## MOTION FOR LEAVE TO FILE AN AMENDED Complaint

Plaintiff Julio A. Zuniga, pursuant to Rules 15(a) and 19(a), Fed. R. Civ. Proc., requests leave to file an amended complaint adding multiple parties.

1.) The Plaintiff in his original complaint named a John Doe defendant.

2.) Since the filing of the complaint the plaintiff has determined that the name of the Jane Doe/John Doe defendants are: BO STAILMAN – Sheriff / Charles Martin (former Attorney) Cindy Bridges or Cynthia Bridges – Brazoria County DA/Special Pros Unit / Moises Villalobos / Willie Ratliffe, Jesse Lott, Reginald Gilbert, Frederick Gooden, Marcus Cooper, E. Estrada, Rickey Garcia, Officer Reyes, Timothy Williams, Tia Bey, Bridget Hayes, Tanika Hafford, Elisha Baugh, Brandy Shannon, Charlotte McKnight, Lorpu Dorber, these defendants are directly and indirectly involved, paragraphs are amended to reflect the identity and the actions of officers and administrators, District Attorney and Sheriff.

3.) This court should grant leave freely to amend a complaint. Foman V. Davis, 371 U.S. 178, 182 (1962)   4/12/22

Respectfully Submitted,

Julio A. Zuniga
59 Darrington Rd.
Rosharon, Texas 77583

Plaintiffs Fourteenth Amendment and Habeas Corpus

1.) The State cannot introduce into evidence the results of a lineup procedure which was unduly suggestive and prejudicial, and therefore unreliable.

2.) The State withhold exculpatory evidence and has an ongoing duty to report such exculpatory evidence to the defense, even without request.

3.) The State may not put on testimony which is known by the State to be materially false.

4.) The State is restricted in how and when it can destroy evidence.

5.) A conviction cannot stand where there was no evidence on an element of the crime.

6.) If an appellant's attorney believes that an appeal is wholly frivolous, Fourteenth Amendment Due Process and the Sixth Amendment require that the attorney provide an appellate brief explaining his reasoning for not filing a standard appellate brief.

7.) The defendant must not be forced to wear identifiable jail or prison clothing at trial.

8.) The State must not make improper and prejudicial comments during trial.

9.) Pleas of guilty or nolo contendere must be entered knowingly and voluntarily.

---

SCFO-TBCJ DISCLAIMER - This Revised handbook is a publication prepared and compiled by the SCFO/TBCJ and employees for use by PERSONS INCARCERATED IN THE "TDCJ". Readers will recognize it's NEW CONDENSED AND EASY-TO-READ FORMAT. A Legal Handbook is in no way intended to be an authoritative legal source or a How-To-manual to be substituted for legal advice by LICENSED attorneys. Furthermore, the law is constantly changing. As such, the law cited in this publication may have changed on the date you read this publication. PERSONS INCARCERATED IN "TDCJ" are encouraged to present their legal questions to an attorney by writing to: SCFO: P.O. Box 4005 / Huntsville, Texas 77342

User of this publication may contact their unit law library or SCFO to ensure they have the latest edition. Volume 2 (Forms) has been discontinued.

Thirteenth Revised Edition
Texas Board of Criminal Justice
March 2021

Right after Brazoria County whistleblower caused cover-up scandal and corruption scandal in February 2021 - Dec 2020

Julio G. Zuniga
#1911054

## PLAINTIFFS - FREE EXPRESSION of Political Beliefs > Turner Standard

Sostre v. McGinnis, 442 F.2d 178 (1971)
Sczerbaty v. Oswald, 341 F. Supp. 571 (1972)
Abu-Jamal v. Price, 154 F.3d 128 (1998)
Jordan v. Pugh 504 F. Supp. 2d 1109 (2007) - "BIG SHOT" THEORY
Pittman v. Hutto 594 F.2d 407 (1979)
Castle v. Clymer, 15 F. Supp. 2d 640 (1998)
Grey Buffalo v. Kingston, 581 F. Supp. 2d 1034 (2007)
Munson v. Gaetz, 673 F.3d 630 (2012)
Mauro v. Arpaio, 188 F.3d 1054 (1999)
Couch v. Jabe, 737 F. Supp. 2d 561 (2010)
Jones v. North Carolina Prisoners Labor Union, 433 U.S. 119 (1977)

## PLAINTIFFS Right to MEDICAL CARE

Estelle, 429 U.S. @ 104
Gutierrez v. Peters, 111 F.3d 1364 (1997)
United States v. DeCologero, 821 F.2d 39, 43 (1987)
Arnett v. Webster, 658 F.3d 742, 751 (2011)
Scott v. Ambani, 577 F.3d 642 (2009)
Spruill v. Gillis, 372 F.3d 218 (2004)
Meloy v. Bachmeier, 302 F.3d 845 (2002)
Grieveson v. Anderson, 538 F.3d 763, 779 (2008)

Parsons v. Ryan, 754 F.3d 657 (2014)
Hutto v. Finney, 437 U.S. 678 (1978)
Bilal v. White, 494 Fed. Appx. 143 (2012)
(Whiting v. Wexford Health Serv. Inc.) 839 F.3d 658 (2016)
Perkins v. Lawson, 312 F.3d 872
McRaven v. Sanders, 577 F.3d 974 (2009)

## PLAINTIFFS - FREEDOM OF RELIGION/EXPRESSION

Johnson v. Avery, 393 US 483, 485,
Ex Parte Hull, 312 US 546, 549.
Younger v. Gilmore, 404 US 15
Lee v. Washington, 390 US 333, 334
Cooper v. Pate, 378 US 546
Conley v. Gibson, 355 US 41
Reece v. Washington, 310 F.2d 139
Conway v. Oliver, 429 F.2d 1307

} FRED CRUZ  REST IN POWER
vs.
GEORGE J. BETO
NO. 71-5552
(MARCH 20, 1972)

## PLAINTIFFS - Rights To ACCESS TO A LAW LIBRARY

Salahuddin v. Goord 467 F.3d 263 (2006)
Trujillo v. Williams, 465 F.3d 1210 (2006)
Marange v. Fontenot, 879 F. Supp. 679 (1995)
United States v. Galbadon, 522 F.3d 1121 (2008)

## Plaintiffs - Air Quality and Temperature

Talal v. White, 403 F.3d 423 (2005)
Alvarado v. Litscher, 267 F.3d 648 (2001)
Bibbs v. Early, 541 F.3d 267 (2008)
Gaston v. Coughlin, 249 F.3d 156 (2001)

## PLAINTIFFS - Sanitation and Personal Hygiene

Womble v. Chrisman, 770 F. App'd 918, 925 (2019) / Despain v. Uphoff, 264 F.3d 965 (2001)
Fountain v. Rupert, 819 F. App'd 215, 219 (2020) / Taylor v. Riojas, 141 S.Ct. 52 (2020)
Gillis v. Litscher, 468 F.3d 488 (2006) /

Julian C. Jorge
#1961851

"EVIL INTENT" - "Reckless Callous Indifference" and "Pain & Suffering"

Smith v. Wade, 461 U.S. 30 (1983)
Siggers-El v. Barlow, 433 F. Supp. 2d 811 (2006)
Coleman v. Rahija, 114 F. 3d 778 (1997)
Thompson v. Carter, 284 F. 3d 411 (2002)
Harris v. Garner, 190 F. 3d 1279 (1999)
Royal v. Kautzky, 375 F. 3d 720 (2004)
Calhoun v. DeTella, 319 F. 3d 936 (2003)

## Preliminary Injunction

Mayweathers v. Newland, 258 F. 3d 930 (2001)

1. All mentioned defendant's have violated my rights, retaliated, tortured, harassed w/ deliberate and reckless indifference, and for helping other inmates fight for their rights with their resolution system.

2. There are still corrupt officers and wardens here and in all unit's of Brazoria County that know about the "Whistleblowing Anarchist", by which they called me. I am under constant threat harassment, our unit is a unionized unit, so our drinking water is poisoned, food, guy's are getting sick by the dozens, all this is because of the Retaliative "TDCJ" officials whose bogus solidarity is based on corruption. They continue to Retaliate on Individual IWOC members, following us on Camera.

3. If the court will grant us preliminary injunction at this stage, I feel my IWOC Members safety will prevail. We already lost "Stephen Curtis" to clandestine poisoning tactic. No more death's. View Texas Attorney Generals.gov / Custodial Death Reports for All Brazoria County Prisons, from Jan 2018 - Jan 2022 View Toxicology Reports, the pattern is right there on computer. Weaponized "Drug Introduction Team" Willie Ratliffe is so proud of, and Williams, Atluvey, Estrada, Garcia, Reyes, Armstrong, Villalobos, and now they are back in operation, because "TDCJ" manipulated our Constitutional Rights to Habeas Corpus - "Prosecutorial Misconduct" only I just proved that it's still a very real ground. Please request a copy of the Revised version for comparison.